[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10036
Non-Argument Calendar
_____

Agency No. A208-195-478

ZENAIDA OROZCO CRUZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 20, 2018)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Zenaida Orozco Cruz seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of asylum pursuant to the Immigration and Nationality Act ("INA")  § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A), and denying Orozco's request for a new hearing before a different IJ.  On appeal, Orozco argues that the IJ abused his discretion by continuing her case for three months as opposed to four due to maternity leave. Orozco also argues that the IJ's demeanor and interruptions at trial denied her due process of the law.  Finally, Orozco contends that BIA failed to properly analyze her asylum claim, which led to the eventual denial of her application.

I.

The IJ's decision to deny the petitioner's motion for a continuance is reviewed for an abuse of discretion.  *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1362 (11th Cir. 2006).  The grant of a continuance is within the IJ's broad discretion, and an IJ may grant a continuance for "good cause shown."  *Id.*; 8 C.F.R. § 1003.29.  According to BIA precedent, "an immigration judge's decision denying [a] motion for continuance will not be reversed unless the alien establishes that [the] denial caused h[er] actual prejudice and harm and materially affected the outcome of h[er] case."  *In re Sibrun*, 18 I. & N. Dec. 354, 356–57 (BIA 1983).

Here, we need not address whether the IJ abused its broad discretion, because Orozco has failed to show actual prejudice. *Zafar*, 461 F.3d at 1362; *In re Sibrun*, 18 I. & N. Dec. at 356–57.

## II.

The Fifth Amendment entitles petitioners in removal proceedings to due process of law. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010). Due process requires that an alien be given notice and an opportunity to be heard in their removal proceedings. *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009). To establish a due process violation, the petitioner must show that she was deprived of liberty without due process of the law and that the errors caused her substantial prejudice. *Lapaix*, 605 F.3d at 1143. "To show substantial prejudice, an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different." *Id.*

The respondent in an immigration proceeding should expect dignity, respect, courtesy, and fairness in a hearing before an IJ. *In re Y-S-L-C-*, 26 I. & N. Dec. 688, 690 (BIA 2015). Conduct by the IJ that can be perceived as bullying or hostile can have a chilling effect on the respondent's testimony, and thereby limit her ability to fully develop the facts of her claim. *Id.* An IJ may, however, exercise their independent judgment and discretion, and take such action within

3

their authority under the INA that is appropriate and necessary for the disposition of the case.  8 C.F.R. 1003.10(b).

Here, the IJ did not violate Orozco's due process rights at her merit hearing. The IJ prevented Orozco from answering whether she appealed the juvenile tribunal's decision awarding custody of her sister to her aunt.  This did not result in substantial prejudice because Orozco had already been afforded the opportunity to explain the nature of the dispute between herself and her aunt.  The IJ further only interrupted Orozco's counsel to ensure that the line of questioning remained relevant to her removal claim, which was within his discretion.  8 C.F.R. 1003.10(b).

### III.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision.  *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009).  Where the BIA agrees with the IJ's reasoning, we will review the decisions of both the BIA and the IJ to the extent of the agreement. *Id*.  Here, because the BIA agreed with the IJ's reasoning as to Orozco's application for asylum, we will review the decisions of both the IJ and the BIA as to that finding.

We review questions of law *de novo*.  *Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1286 (11th Cir. 2014).  We review administrative findings of fact under the

4

substantial-evidence test. *Antipova v. U.S. Att'y Gen.*, 392 F.3d 1259, 1261 (11th Cir. 2004). Under the substantial-evidence test, we must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (internal quotations omitted). We "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026–27 (11th Cir. 2004) (*en banc*). We will not reverse unless the evidence compels a reasonable fact finder to find otherwise. *Antipova*, 392 F.3d at 1261. Under this highly deferential standard of review, we may not reweigh the evidence from scratch. *Id.*

The government has the discretion to grant asylum if the alien establishes that he is a "refugee." INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A refugee is a person "who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, [his or her country of nationality] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). Generally, an applicant for asylum must establish either (1) past persecution on account of a protected ground, or (2) a well-founded fear of future persecution on account of a protected ground. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230–31 (11th Cir. 2005). The

applicant must demonstrate that one of those protected grounds "was or will be at least *one central reason* for persecuting" him or her.   INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i) (emphasis added).  The fact that a persecutor targets a family member as a means to an end is not, by itself, sufficient to establish a claim, especially if the end is not connected to another protected ground.  *In re L-E-A-*, 27 I. & N. Dec. 40, 45–47 (BIA 2017) (cartel's objective to increase profits by selling drugs in a family owned store was not based on a protected ground because biological ties, historical status, and other features unique to that family unit was, at most, incidental to the cartel's real motive).

An applicant for asylum who alleges persecution by a private actor must prove that she is unable to avail herself of the protection of her home country by presenting evidence that she reported the persecution to local government authorities or that it would have been useless to do so.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 950 (11th Cir. 2010).  Although an applicant's failure to report persecution to the local government authorities is generally fatal to an asylum claim, the reporting requirement can be excused where the petitioner demonstrates that those authorities would have been unable or unwilling to protect her.  *Id.*

A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution.  *Sepulveda*, 401 F.3d at 1231.  However, an alien who has not shown past persecution still may be entitled to asylum or

6

withholding of removal if he can demonstrate a future threat in his country to his life or freedom on a protected ground.  8 C.F.R. § 208.13(b)(2).  To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a "subjectively genuine and objectively reasonable" fear of persecution that is (2) on account of a protected ground.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1287, 1289 (11th Cir. 2004) (*en banc*).  "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution," while "the objective prong can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution."  *Id.* at 1289 (quotation omitted).

An applicant, who has established refugee status based on past persecution, may qualify for "humanitarian asylum" without establishing a well-founded fear of future persecution based on: (1) the possibility of "other serious harm" in the future, or (2) the severity of the past persecution.  *Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1200 (11th Cir. 2009).

Here, substantial evidence supports the BIA and IJ's conclusion that the threat Orozco's aunt levied against Orozco was motivated by a personal dispute, namely, money, and was not based on a protected ground.  *In re L-E-A-*, 27 I. & N. Dec. at 45–47.  Additionally, Orozco has failed to show that the Guatemalan government was unable or unwilling to assist her, particularly because Orozco had

previously availed herself of the Guatemalan government's protections regarding family issues. *Ayala*, 605 F.3d at 950. Orozco cannot establish that she would be subject to future persecution based on her aunt's threat because the BIA's finding that Orozco's aunt's threat was based on a personal dispute, and that Orozco did not show that the government would be unwilling to protect her, extends to any claim of future persecution. *Al Najjar*, 257 F.3d at 1287, 1289.

Substantial evidence supports the BIA and IJ's conclusion that the Guatemalan government was willing to protect Orozco from the physical abuse that she endured as a child. Specifically, a Guatemalan court helped Orozco relocate to a children's shelter after it was made aware of the abuse that Orozco endured. Additionally, Orozco is now an adult, and her father is dead, and, thus, any fear of future persecution from her parents would be objectively unreasonable.

Finally, Orozco is not entitled to humanitarian asylum because, as analyzed above, she has not established refugee status based on past persecution. *Mehmeti*, 572 F.3d at 1200. Accordingly, we deny the petition for review.

PETITION DENIED.